## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Nov 04 2015, 8:26 am
CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEYS FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Nathaniel Lee | James F. Bleeke |
| Laura R. Crowley | Bleeke Dillon Crandall |
| Lee & Fairman, LLP | Indianapolis, Indiana |
| Indianapolis, Indiana | |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Candace Bean, | November 4, 2015 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 49A02-1506-PL-549 |
| v. | Appeal from the Marion Superior Court. |
| Stephen W. Robertson, as Commissioner of the Indiana Department of Insurance, | The Honorable Heather Welch, Judge. |
| *Appellee-Defendant.* | Cause No. 49D01-1402-PL-2912 |

**Friedlander, Senior Judge**

[1]   Candace Bean appeals the trial court's denial of her motion for post-judgment interest. She raises one claim, which we restate as whether the trial court erred by denying her request for post-judgment interest. We affirm.

In Indiana, a health care provider is not liable for damages in excess of $250,000 arising from the provider's act of malpractice. Ind. Code § 34-18-14-3 (West, Westlaw current with all 2015 First Regular Session of the 119th General Assembly legislation effective through June 28, 2015). Any amount due in excess of the health care provider's maximum liability is paid by the Patient's Compensation Fund (the Fund). *Id.* The Indiana Department of Insurance manages the Fund and responds to patients' claims.

Here, Bean asserted that her health care providers committed medical malpractice by failing to properly diagnose her condition of Hodgkin's lymphoma, which resulted in delayed treatment. She was ultimately cured. Bean and her health care providers agreed to settle their dispute, and the health care providers paid her $250,000.

On February 4, 2014, Bean began this case by filing a petition for damages against the Fund, requesting compensation for damages above and beyond her health care providers' $250,000 statutory limit. The Commissioner objected to the amount of damages requested by Bean, and the trial court held a bench trial. On December 15, 2014, the court issued findings of fact and conclusions thereon in which the court determined that Bean was entitled to $375,000 from the Fund in addition to the $250,000 paid by the health care providers. Appellee's App. p. 43.

On February 6, 2015, Bean tendered to the Fund a claim for payment. On February 18, Bean filed with the trial court a motion for post-judgment interest,

requesting $7,500. The Commissioner filed a response. Bean replied to the response, and the Commissioner filed a surreply. On March 30, 2015, the court issued an order stating, in relevant part:

> The Court, having examined the above motions and being duly advised in the premises, hereby finds that [Bean's] Motion for Post-Judgment Interest shall be DENIED. According to IC 34-18-6-5, 'The auditor of state shall issue a warrant in the amount of each claim submitted to the auditor against the fund on March 31, June 30, September 30 and December 31 of each year. The only claim against the fund shall be a voucher or other appropriate request by the commissioner after the commissioner receives: (1) a certified copy of a final judgment against a health care provider; or (2) a certified copy of a court approved settlement against a health care provider.' In this case, [Bean's] counsel sent the Indiana Department of Insurance a copy of the certified copy of judgment in this matter on February 6, 2015. Thus, under IC 34-18-6-4(a) the next payment date is not later than April 15, 2015.

Appellant's App. p. 29.

Bean filed a motion to correct error, which the trial court denied. This appeal followed.

Bean argues that the trial court should have granted her motion for post-judgment interest. The parties agree that there are no factual disputes, and this appeal presents a question of law. We review questions of law de novo without deference to the trial court's legal conclusions. *Bader v. Johnson*, 732 N.E.2d 1212 (Ind. 2000).

[8] Indiana Code section 24-4.6-1-101 (West, Westlaw current with all 2015 First Regular Session of the 119th General Assembly legislation effective through June 28, 2015) authorizes trial courts to award post-judgment interest on judgments for money. Our Supreme Court has determined that, in the context of medical malpractice actions, a claimant who obtains a money judgment against the Fund may request an award of post-judgment interest against the Fund. *Poehlman v. Feferman*, 717 N.E.2d 578 (Ind. 1999).

[9] Post-judgment interest does not begin to accrue against the Fund on the date a money judgment is entered in favor of a claimant. Instead, the Fund pays out monies owed on a quarterly basis. Ind. Code § 34-18-6-4 (West, Westlaw current with all 2015 First Regular Session of the 119th General Assembly legislation effective through June 28, 2015). Post-judgment interest begins to accrue on the Fund's payment obligation beginning on the first quarterly payment date applicable to the claim. *Poehlman*, 717 N.E.2d 578 (discussing a prior version of the statute which set forth biannual payments). Our Supreme Court has described the period of time between the trial court's issuance of a money judgment against the Fund and the applicable payment date as a "grace period." *Id.* at 584 n.6.

[10] In this case, the court issued a money judgment in favor of Bean on December 15, 2014. Bean did not submit a claim for payment to the Fund until February 6, 2015. By statute, the next payment date was April 15, 2015. The "grace period" described in *Poehlman* had not yet begun to expire, so post-judgment

interest had not begun to accrue when Bean filed her motion for post-judgment interest. The court did not err in denying her motion.

[11] Bean argues that if the Fund had been notified of the money judgment prior to December 31, 2014, then by statute the Fund would have been obligated to pay her on or before January 15, 2015. Ind. Code § 34-18-6-4. She further argues that the Commissioner was responsible for notifying the Fund's staff to pay the claim, and by failing to do so before December 31, 2014, the Commissioner unreasonably delayed Bean's payment by several months. She concludes that she is entitled to post-judgment interest as compensation for the untimely payment of the claim.

[12] Bean cites Indiana Code section 34-18-6-5 (West, Westlaw current with all 2015 First Regular Session of the 119th General Assembly legislation effective through June 28, 2015) in support of her claim that the Commissioner was required to notify the Fund that the money judgment had been issued. That statute provides:

> The auditor of state shall issue a warrant in the amount of each claim submitted to the auditor against the fund on March 31, June 30, September 30, and December 31 of each year. The only claim against the fund shall be a voucher or other appropriate request by the commissioner after the commissioner receives:
>
> (1) a certified copy of a final judgment against a health care provider; or
>
> (2) a certified copy of a court approved settlement against a health care provider.

*Id.*

[13] The plain language of the statute does not support Bean's argument. To the contrary, the statute provides that before funds may be disbursed, the Commissioner must receive a copy of the final judgment from an unspecified party. A claimant such as Bean is the party best suited to fulfill that statutory condition because he or she has an incentive to seek timely payment from the Fund.

[14] Bean further contends that her counsel was reluctant to contact the Fund to request payment because the Fund was an opposing party represented by counsel. Her counsel believed it was ethically necessary to seek permission from the Fund's counsel to directly contact the Fund to request payment. Nothing in the record indicates that, if such permission was ethically required, Bean could not have sought and obtained such permission from the Fund's counsel before the December 31, 2014 deadline to submit claims for payment. We reject Bean's argument that the Commissioner, rather than her, should have notified the Fund to pay the claim and thus unreasonably delayed payment.

[15] For the reasons stated above, we affirm the judgment of the trial court.

[16] Judgment affirmed.

Riley, J., and Pyle, J., concur.